Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Hon. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 766 | **DATE** | 9/26/2002 |
| **CASE TITLE** | John E. Edmondson vs. Prudential Insurance Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum, Plaintiff's Motion to Rehear Plaintiff's Prior Motion to Expand the Record, or, in the Alternative, to Remand this Action to Prudential Life Insurance Co. and to Standard Insurance Co. [Doc. 25] is denied. Dispositive motions are now due October 17, 2002; responsive pleadings are due by November 7, 2002; reply briefs are due by November 21, 2002. The final pre-trial order deadline is reset for March 7, 2003. The final pre-trial conference is reset for March 14, 2002 at 11:00 a.m. Trial is reset for March 31, 2003 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 27 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 35 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | docketing deputy initials |
| jar/lc | courtroom deputy's initials | 02 SEP 26 PM 2:21 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN E. EDMONDSON,

    Plaintiff,

v.

PRUDENTIAL INSURANCE CO., et al.

    Defendant/Cross-claimant/Cross-defendant.

No. 02 C 766

HONORABLE DAVID H. COAR

**DOCKETED**
**SEP 2 7 2002**

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff John Edmondson's Motion to Rehear Plaintiff's Prior Motion to Expand the Record, or, in the Alternative, to Remand this Action to Prudential Life Insurance Company and to Standard Insurance Company ("Motion to Expand or Remand"). For the foregoing reasons, Plaintiff's motion is denied.

## STATEMENT OF JURISDICTION

Plaintiff's claim that his benefits were wrongfully denied arises under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). This Court has jurisdiction to hear the claim pursuant to 29 U.S.C. §1132(e).

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff was an employee of Custom Labels, Inc. Although Custom Labels, Inc., is located in Bossier City, Louisiana, Plaintiff lived in Illinois at all times pertinent to this dispute. He was employed as a regional "on the road salesman" for Custom Labs.

On November 3, 2000, Plaintiff experienced headaches and confusion, so he sought

1



medical attention. The preliminary diagnosis was that Plaintiff suffered from a brain tumor. On November 10, 2000, Plaintiff underwent an open skull surgical biopsy on the tumor, which confirmed the preliminary diagnosis. Thereafter, he received radiation therapy to abate the tumor's growth throughout December 2000. When the radiation therapy was unsuccessful, he had surgery to excise the tumor from his brain on January 9, 2001. After the surgery, he experienced significant side effects. He was hospitalized again with pneumonia and a collapsed lung in February 2001.

While Plaintiff was a regular employee of Custom Labels, Inc., he was also covered by their insurance policies, which at all times included disability coverage. When Plaintiff's brain tumor was diagnosed and until November 30, 2000, Standard Insurance Co. ("Standard") was the insurance carrier for Custom Labels, Inc. On December 1, 2000, Prudential Insurance Co. ("Prudential") became the insurance carrier for Custom Labels, Inc. Prudential was the insurance carrier for Custom Labels, Inc. at all times relevant to this case after December 1, 2000. In the context of the facts of this case, if Plaintiff became disabled before December 2000, Standard is liable on the claim. If he first became disabled on or after December 1, 2000, Prudential would be responsible.

Plaintiff filed claims for disability insurance coverage with both Standard and Prudential. Both companies denied his disability claims. Standard adjudged that his disability did not begin until after November 30, 2000, when the company was no longer the insurance provider for employees of Custom Labels, Inc. Prudential determined that his disability began before they became the insurance provider for Custom Labels, Inc., on December 1, 2000. Plaintiff filed a complaint in Illinois state court alleging that he was wrongfully denied benefits. On January 30,

2

2002, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441.

At this point, Plaintiff seeks either to conduct additional discovery or to remand the case to the plan administrators for further factual development. Plaintiff contends that the record contains inconsistent information regarding his work history with Custom Labels, Inc. Both Defendants, Standard and Prudential, oppose the Motion to Expand or Remand.

## ANALYSIS

Plaintiff seeks either to expand the record with additional discovery or to remand the claim for benefits to the plan administrators. Each request raises distinct legal questions for this Court, so each will be considered separately. First, the Court turns to the request to expand the record with additional discovery. It is clear that this Court has authority to conduct additional discovery in cases that arise under ERISA to the plan administrators under some circumstances. See Casey v. Uddeholm Corp., 32 F.3d 1094, 1098–99 (7th Cir. 1994). The Seventh Circuit has held, though, that "when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator." Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 982 (7th Cir. 1999). This brings us to the preliminary question of whether this Court is required to undertake deferential or *de novo* review of Standard and Prudential's benefits determinations.

The Supreme Court has held that decisions of ERISA plan administrators presumptively receive *de novo* review. Firestone Tire & Rubber Co., v. Bruch, 489 U.S. 101, 115 (1989). If the benefits plan affords the administrators discretionary authority to construe its terms, however, federal court review will be deferential. Id. at 115. In order to answer the question about the standard of review, then, the Court must first determine whether the benefits plan at issue here

3

grants its administrators discretion.

Before delving into the details of the benefits plans, the Court will turn to the legal requirements for remanding the case. This Court has authority to remand the benefits claim to plan administrators under some circumstances. See Quinn v. Blue Cross & Blue Shield Ass'n, 161 F.3d 476, 477 (7th Cir. 1998). In order to remand the case to the plan administrators in this case, this Court would have to make a determination that the decision to deny benefits was based on "[in]adequate findings or [a] fail[ure] to provide an adequate reasoning." Quinn, 161 F.3d at 477.

Both of Plaintiff's requests, to remand the benefits claim or to expand the record with additional discovery, would require this Court to make significant factual findings. This Court is reluctant to make those findings at this stage of the proceedings. This litigation has not yet proceeded to the dispositive motion stage. Moreover, it is not entirely clear what factual issues the Plaintiff wishes to explore. The Court is unaware of a case where a district court remanded a benefits claim to the plan administrator before dispositive motions were submitted. Good reasons exist to support this absence of precedent. Determinations about the details of the plans and the reasoning supporting the denial of benefits should not be entered into lightly. The factual issues underlying Plaintiff's Motion to Expand or Remand are much more appropriate to resolve after submission of Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Consequently, this Court Denies Plaintiff's Motion to Expand or Remand with the understanding that this issue may (or may not) be revisited after briefing on dispositive motions.

## CONCLUSION

For the reasons stated in this opinion, the Court denies Plaintiff's Motion to Expand or Remand.

**Enter:**

_____
David H. Coar
**United States District Judge**

**Dated: September 26, 2002**